Beer.

If the lessee had said no more than rendering 10s, it had been as much and as effectual as if he had said ren dering rent during the whole term. 31 Ass. 30. tenend. made a tenure in fee, without any more. 636 Com. 137. 21 H. 7. 25. 27 H. 8, 19. in point. Then the addition of these words: durante prædicto, non operator, for they were implied before. 4 Rep. 72. Burrough's case, 8 Rep. 144. Davenport’s case. If a lease be made rendering rent to a stranger, it is void; the assignee being a stranger, the reservation is void. Here is an entire sentence, and shall not be divided. Butcher’s case. H. 33. rot. 1316, is on the same point; resolved that it was only a reservation for life, *258 Likewise in Wotton's case, supra, adjudged. T. 3 Jac. rot. 377. Here it is præsato Johanni. A reservation is more strong against the lessor, ut Boston’s case, Com. 139. Two tenants in common lease, rendering rent 10s. they shall have only 10s. 27 H. 8. 19. 11 E. 3. F. Ass. 84. Stacy and Clark’s case. T. 36 E. rot. 987, in B. R. Tenant by curtesy, and the heir in reversion in tail, made a lease, rendering rent to them and their heirs; on account of the generality of the reservation, the lease was not held good, under the statute. Thompson’s case, antea, p. 45. As to Mallory's case. 5 Co. 111. shall be taken copulatively. I deny the case, 5 E. 4. 1. The life of the lessor shall not be intended. For the avowant is to make out a good title. This differs from the case of an arbitration. He who is to have the benefit shall plead. In 38 H. 6, the action is maintained on the first possession. 9 E. 4. 6. 160 He who claims from the tenant in tail, by whole estate, ought to aver his life.
E contra. It is implied: for he says that ei a retro, &c.
This is only form and supposition; it is a conclusion which we could not traverse. The last point formerly moved, viz. that the use, where none is expressed, results to the conusor, is unanswered, Postea, p. 264.